**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSHUA GRANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CASE NO. 1:10-00014** |
| **v.** | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **JAMES FORTNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendants James Fortner, Jerry Dickson, Justin Jackson, Jason Clendenon, and Paulette Edwards.  Docket No. 23. Defendants Nicky Jordan and Terry Waggner subsequently joined in the Motion.  Docket Nos. 25 and 27.[1]  In support of the Motion, Defendants have filed an accompanying Memorandum of Law.  Docket No. 24.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights.  Docket No. 1.  Plaintiff sues Defendants James Fortner, Dennis Fisher, Tammy Walden, Jerry Dickson, Justin Jackson, Terry Waggner, Jason

---

[1]Defendants Dennis Fisher and Tammy Walden are not parties to the instant Motion to Dismiss.  Because they are not parties to the instant Motion, the undersigned will not discuss Plaintiff's allegations against them.

Clendenon, Nicky Jordan, and Paulette Edwards in their individual and official capacities. *Id.* Plaintiff seeks a total of $190,000 in damages. *Id.*

Plaintiff's claims relate to two separate events that occurred while he was an inmate at Turney Center Industrial Complex. First, he claims that, on November 22, 2009, two inmates from another unit entered his cell and assaulted him. He avers that Defendants Dennis Fisher and Tammy Walden had failed to appropriately monitor his unit and did not have the "pod" door locked and secured, which allowed the inmates to enter his pod and assault him. He avers that, after he filed a grievance regarding the alleged assault that occurred on November 22, 2009, Defendant Warden James Fortner had knowledge of the incident but "did nothing to address the lack of security" that led to Plaintiff's assault.

Second, Plaintiff avers that on December 2, 2009, he was told by Defendant Terry Waggner, a correctional officer, that Defendant Sgt. Jerry Dixon wanted to talk to him. Plaintiff told Defendant Waggner he did not want to speak with Sgt. Dixon. Several minutes later, Defendants Waggner, Justin Jackson, and Jason Clendennon unlocked his cell, whereupon he sat down on the cell floor. He avers that he was dragged by Defendants Jackson, Waggner and Clendennon about thirty to forty feet to Sgt. Dixon's office. He avers that Defendant Dixon "caused the excessive use of force," which apparently refers to the dragging of Plaintiff as discussed above. Additionally, Plaintiff avers that Defendants Nicky Jordan and Paulette Edwards were present in Sgt. Dixon's office while the excessive use of force was taking place, but these Defendants did nothing to stop it. Plaintiff filed a grievance with regard to the December 2, 2009, incident, which came to the attention of Warden Fortner, but Warden Fortner did nothing to address the matter.

Six of the Defendants who are parties to the instant Motion were involved only in the alleged December 2, 2009, incident. Defendant Warden Fortner was allegedly involved in both incidents, to the extent that he was aware of the grievances but failed to act upon them. Defendants Dennis Fisher and Tammy Walden were involved in the alleged November 22, 2009, incident, and are not parties to the instant Motion.

Defendants argue that this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) the physical force employed was minimal and necessary to maintain discipline; (2) Plaintiff does not allege that he sustained any physical injury; and (3) Plaintiff fails to allege sufficient personal involvement by the Warden to impose liability upon him. Docket No. 24.

Plaintiff has not responded to Defendants' Motion to Dismiss.

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Defendants rely upon Fed. R. Civ. P. 12(b)(6), which provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. Docket No. 23. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The

"[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B.  42 U.S.C. § 1983

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,*

474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,*

436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of

acting under color of state law requires that the defendant in a § 1983 action have exercised

power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v.*

*Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C.  The Case at Bar

Plaintiff sues Defendant Warden James Fortner because he knew of Plaintiff's allegations

via the grievances Plaintiff filed regarding both incidents, but he failed to address these matters.

The filing of grievances and appeals is insufficient to impose liability on Defendant Fortner, as

the Warden, because supervisory liability does not arise from the failure to act upon information

contained in a grievance or the denial of a grievance. *See Summers v. Leis,* 368 F.3d 881, 888

(6th Cir.2004); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Merely bringing a problem

to the attention of a supervisory official is not sufficient to impose liability. *See Shelly v.*

*Johnson,* 684 F.Supp. 941, 946 (W.D. Mich.1987). Plaintiff's filing of grievances and appeals is

insufficient to demonstrate that Defendant Fortner personally condoned, encouraged, or participated in the conduct Plaintiff alleges violated his constitutional rights, and Plaintiff cannot sustain his individual capacity claim against Defendant Fortner.

Plaintiff sues Defendants Correctional Officers Terry Waggner and Justin Jackson, along with Defendant Corporal Jason Clendenon, because they "drug" Plaintiff "about 30-40 feet" across the floor to Defendant Jerry Dickson's office after Plaintiff sat down on the floor of his cell and refused to go to Defendant Dickson's office after repeated instructions by Defendants Waggner, Jackson, and Clendenon to do so. *Id.* As a result of Plaintiff's refusal to walk to Defendant Dickson's office, he was physically taken there. Docket No. 24.

In order to hold Defendants liable in their individual capacities for excessive use of force, Plaintiff must show that Defendants acted "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Plaintiff does not allege that Defendants' physically taking him to Defendant Dickson's office after his refusal to go was done "maliciously or sadistically for the very purpose of causing harm." In fact, Plaintiff does not even allege that he suffered any harm or injury from Defendants' physically taking him to Defendant Dickson's office after his refusal to go. A "prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim." *See Scott v. Churchill*, 225 F. 3d 669, 2000 WL 519148 at *3 (6th Cir.). *See also, Thaddeus-X v. Wozniak*, 215 F. 3d 1327, 2000 WL 712383 at *3 (6th Cir.). Because Plaintiff has not alleged that Defendants Waggner, Jackson, or Clendenon injured him when they took him to Defendant Dickson's office after his refusal to go, Plaintiff cannot sustain his individual capacity claims against them.

Plaintiff sues Defendant Sergeant Jerry Dickson because his wanting to speak with Plaintiff in his office "caused the excessive use of force," and because he did "nothing to prevent the excessive use force after witnessing it, but encouraged it by telling the defendants Justin Jackson, Terry Waggner and Jason Clendenon to pick [Plaintiff] up and put [him] in the chair." *Id.* As an initial matter, Defendant Dickson's wanting to speak with Plaintiff in his office does not violate any of Plaintiff's Constitutional rights. Accordingly, Plaintiff cannot recover for Defendant Dickson's wanting to speak with him as being the "cause" of the alleged "excessive use of force." Moreover, as has been discussed above, Plaintiff must have suffered more than a de minimis injury in order to state a viable excessive force claim. Plaintiff does not allege that he suffered any physical injury as a result of Defendant Dickson instructing Defendants Jackson, Waggner, and Clendenon to pick him up and put him in the chair. Absent physical injury, Plaintiff cannot sustain his individual capacity claim against Defendant Dickson.

Plaintiff sues Defendant Internal Affairs Officer Nicky Jordan because he was "present in defendant Jerry Dickson's office on 12/2/09 while the excessive use of force by defendants Justin Jackson, Terry Waggner, and Jason Clendenon was taking place but did nothing to try and stop it." *Id.* As discussed above, Plaintiff cannot sustain his individual capacity claims against Defendants Jackson, Waggner, and Clendenon. If Plaintiff cannot demonstrate that Defendants Jackson, Waggner, and Clendenon violated his rights, he cannot hold Defendant Jordan liable for being present and doing nothing.

Plaintiff sues Defendant Correctional Counselor Paulette Edwards because she was "present while the excessive use of force by defendants Justin Jackson, Terry Waggner, and Jason Clendenon was taken [*sic*] place on 12/2/09 and witnessed it without doing anything to try

and prevent it from continuing." *Id.* Plaintiff cannot sustain his individual capacity claim against Defendant Edwards for the same reasons he cannot sustain his individual capacity claim against Defendant Jordan: If Defendants Jackson, Waggner, and Clendenon did not violate his rights, then Defendant Edwards cannot be held liable for being present and doing nothing.

For the reasons discussed above, Plaintiff cannot sustain his individual liability claims against the instant Defendants, and he has failed to state a claim upon which relief can be granted against them.

### III.  Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE with regard to Defendants Fortner, Dickson, Justin, Waggner, Clendenon, Jordan, and Edwards.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[2]A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits.  *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399, n. 3 (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

_____
E. CLIFTON  KNOWLES
United States Magistrate Judge