IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOSHUA GRANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 1:10-00014 |
| v. | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) |
| JAMES FORTNER, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Judge Campbell has referred this matter to the undersigned:

> to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Docket No. 7, p. 3.

The Court deems it appropriate to conduct a frivolity review regarding some of Plaintiff's claims pursuant to the Prison Litigation Reform Act.

When screening a prisoner complaint under the Prison Litigation Reform Act, a district court must evaluate the claim under both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Both those provisions require a court to dismiss a complaint that fails to state a claim upon which relief can be granted. The standard of review under these separate statutes is essentially the same. *See McGore*, 114 F.3d

1

at 608.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

The Court is required to construe the Complaint in the light most favorable to the Plaintiff and to accept all well-slated pleaded allegations of fact as being true. *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the Complaint in the Plaintiff's favor, however, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. Docket No. 1. Plaintiff sues all 9 Defendants, James Fortner, Dennis Fisher, Tammy Walden, Jerry Dickson, Justin Jackson, Terry Waggner, Jason Clendenon, Nicky Jordan, and Paulette Edwards in their individual and official capacities.[1] *Id.* Plaintiff seeks a total of $190,000 in damages. *Id.*

With regard to Plaintiff's official capacity claims against Defendants, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also Frost v. Hawkins County Bd. of Educ.*, 851 F.2d

---

[1] Plaintiff's individual capacity claims against 7 of the Defendants have been addressed in a separate Report and Recommendation. Docket No. 35.

822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

Defendants in the case at bar are public employees of the Tennessee Department of Correction. As such, Defendants represent the State of Tennessee. Thus, inasmuch as Plaintiff brings the instant § 1983 claims against Defendants in their official capacity, Defendants stand in the shoes of the State of Tennessee. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Accordingly, Plaintiff cannot maintain his § 1983 official capacity claims against any of the Defendants.

Because Plaintiff cannot sustain his official capacity claims against all Defendants, Plaintiff's claims against them should be dismissed.

For the foregoing reasons, the undersigned recommends that the official capacity claims against the Defendants in this action be DISMISSED WITH PREJUDICE.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

---

[2] A dismissal for failure to state a claim upon which relief can be granted is dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie*, 452 U.S. 394, 399, n. 3 (1981); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004).

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge