IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSHUA GRANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0014 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| JAMES FORTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by the only two remaining Defendants in this action, Tammy Walden and Dennis Fisher. Docket No. 47. The Motion seeks a dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to prosecute this action and failure to obey an Order to keep the Court informed of his address.

Defendants have filed a supporting Memorandum (Docket No. 48), and the Affidavit of Candace Whisman, Director of Sentence Management Services for the Tennessee Department of Correction (Docket No. 49). The Affidavit states in part that Plaintiff was "released from the custody of TDOC on March 26, 2011." *Id*.

The previously-entered Scheduling Order states in relevant part:

> Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A plaintiff's failure to keep the Court informed of his/her current address may result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with the Court's Order.

Plaintiff has not advised the Court of his new address.

The instant Motion was filed June 10, 2010.  As of the date of the submission of the instant Report and Recommendation, Plaintiff has not filed a Response to the Motion.  *See* Local Rule 7.01(b) ("Failure to file a timely response [to a motion] shall indicate that there is no opposition to the motion.")

For the foregoing reasons, the undersigned recommends that Defendants' Motion Dismiss (Docket No. 47) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                   _____
                                                                   E. Clifton Knowles
                                                                   United States Magistrate Judge